E. H. Hightower v. Alma Hester et al.

(No. 2856.)

Appeal from Colorado County. Opinion by Will-son, J.

Ford, Thompson & Townsend, counsel for appellant.

M. Kennon, counsel for appellees.

§ 57. *Limitation; facts which did not constitute a trust; case stated.* Appellant, Hightower, filed his suit in the county court of Colorado county on the 20th day of September, 1889, against the appellees, Alma, John E. and Lavo Hester,— against the first as surviving wife, and against the two others (minors) as children of John R. Hester, who died intestate on the —— day of February, 1889. There are two counts in the petition,— one for amount due appellant as his part of the profits of a partnership alleged to have been formed between him and deceased for the years 1878 and 1879, and the other for the value of his services to deceased for said years. It is alleged that deceased held this money in trust for appellant up to the time of the former's death, and that he had not repudiated said trust, etc. Among the allegations of appellant's petition is the following: "He says

that these said sums of money, aggregating $950, he left remaining in the hands of his uncle, the said John R. Hester, which he, the said John R. Hester, continued to hold for him in trust and safe-keeping up to the time of his death, and which is now due and owing him by said heirs. Plaintiff alleges that at no time during his life did his said uncle deny or repudiate said trust, or claim to hold said money adversely, but that he repeatedly acknowledged the trust to various parties and to this plaintiff, and said that he had said money for plaintiff, and that he was holding and keeping the same for the benefit of the plaintiff, and that he would deliver the same over to the plaintiff whenever he, in his judgment as the uncle of the plaintiff, thought it best for plaintiff; that he feared plaintiff would squander said sum if put in his care; and plaintiff, in deference to his uncle, and believing and knowing that his uncle was acting for the best interests of plaintiff, never demanded or insisted on the payment of said sum, but allowed his uncle to hold the same for him." There is no allegation that appellant was at any time or from any cause incapacitated from bringing suit against John R. Hester during his life. Appellant's first amended original petition was filed October 8, 1889, to avoid the defendants' plea to the jurisdiction of the court, the amount claimed in the original petition being about $2,000; but the allegations in the amended petition, setting forth the so-called trust, are the same as in the original petition. On the 14th day of October the defendant Alma Hester answered by a general demurrer, special exceptions, setting up limitation of two and four years, stale demand, special plea of limitation of two and four years, and general denial. The court sustained the exceptions setting up limitation of two and four years and rendered judgment for defendants, and this ruling and judgment of the court appellant assigns as error. We are of the opinion that the court did not err in its ruling and judgment. The facts alleged

in the petition do not constitute such a trust as is exempted from the operation of the statute of limitation. It shows a trust cognizable at law, and not a trust the mere creature of equity. "It is only where the trust is the mere creature of equity, exclusively cognizable within that jurisdiction, and is a subsisting, continued and acknowledged trust, that the statute has no operation." [Tinnen v. Mebane, 10 Tex. 252; Wingate v. Wingate, 11 Tex. 433; Kennedy v. Baker, 59 Tex. 150.]

February 8, 1890.                              Affirmed.